UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTE RAMOS, | No. C 12-0614 YGR (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, | |
| Respondent. | |

# INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 5) is GRANTED. The petition is DISMISSED.

# DISCUSSION

**A.  Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing;  (3)

1 the constitutional right asserted was recognized by the Supreme Court, if the right was newly
2 recognized by the Supreme Court and made retroactive to cases on collateral review; or (4)
3 the factual predicate of the claim could have been discovered through the exercise of due
4 diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari
5 from the United States Supreme Court, the AEDPA's one-year limitations period begins to
6 run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v.*
7 *Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Timeliness of the Petition**

The following facts are undisputed. On May 22, 2003, petitioner was sentenced pursuant to the convictions he received in the Santa Clara Superior Court for aggravated sexual assault on a child. On March 30, 2004, the state supreme court denied his petition for direct review. Accordingly, petitioner had until June 28, 2005, that is, one year and ninety days from the date the state supreme court issued its decision, to file a timely federal habeas petition. The instant petition was filed on February 7, 2012, well after the June 28, 2005 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations.

**1.     Statutory Tolling**

Petitioner never sought collateral state relief. Accordingly, he is not entitled to the statutory tolling, as there was no time period during which a properly filed application for state post-conviction or other collateral review was pending. *See* 28 U.S.C. § 2244(d)(2).

**2.     Equitable Tolling**

Petitioner contends that he is entitled to equitable tolling because (1) the law library was inadequate, he lacks sufficient legal knowledge, and has poor English, and (2) he received erroneous advice from counsel.

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and  (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

Petitioner has not shown that extraordinary circumstances prevented him for 7 years from filing a federal habeas petition. A poorly-stocked prison library and limited library access are not extraordinary circumstances, especially in a prison context, and certainly does not adequately explain or justify a 7-year delay in filing. Also, a *pro se* petitioner's lack of legal sophistication is also not itself an extraordinary circumstance warranting equitable tolling. *See Raspberry v. Garcia*, 448 F.3d at 1154; *see also Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002). A lack of sufficient English is also not sufficient to account for such a lengthy delay. A petitioner's language limitations do not, of themselves, justify equitable tolling; rather, equitable tolling may be justified only if such limitations actually prevent timely filing. *See Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). Petitioner's conclusory allegations lack any specifics showing how such limitations prevented him from filing for 7 years.

Furthermore, Petitioner's reasons fail to persuade because his own filings show that he received adequate and timely advice from counsel. Petitioner has submitted a letter from his appointed counsel dated May 2004. (Pet.'s Opp. to Mot. to Dismiss, Ex. A.) This letter warns petitioner of impending filing deadlines, including those for filing a timely federal habeas petition:

> You should be aware that the new federal habeas law (28 U.S.C. § 2244(d)(l)) imposes a statute of limitations of one year from the time of finality of the state court judgment for the filing of a petition for writ of habeas corpus in federal court. The "time of finality" is still unclear. This mean to be on the safe side, you should plan to have any federal habeas corpus petition filed well before the deadline of one year after the petition for review was denied (here, March 30, 2005).
>
> If a petition is not filed within that time, you will lose your access to federal court with this claim. You should know, however, that if you miss the one-year statute there is good reason to believe that your petition will still be accepted if it is within one year from June 28, 2004, that is one year from the last date on which a petition for writ of certiorari can be filed in the U.S.

> Supreme Court.
>
> . . . .
>
> The Mexican Consulate called me to inquire about the status of your case and appears to be willing to assist you. Perhaps they can find an attorney in the San Jose area, where any federal petition would have to be filed, to handle this for you. I am forwarding a copy of this letter to the Mexican Consulate so they will understand where you are in the process. It would be good to involve them right away so that these important deadlines can be met.

(*Id.*, Ex. A at 2–3.) Such clear and timely warning defeats any assertion that he lacked sufficient legal advice. Petitioner, then, has not shown that he is entitled to the extraordinary remedy of equitable tolling.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 5) is GRANTED. Accordingly, the action is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 5, and close the file.

**IT IS SO ORDERED**.

DATED: November 6, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**